UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAYDE BROWN BEY,

                Plaintiff,

        v.

STATE OF NEW YORK, KATHLEEN COURTNEY HOCHUL, LETITIA JAMES, and ERIC ADAMS,

                Defendants.

**MEMORANDUM & ORDER**
22-CV-03408 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Jayde Brown Bey, proceeding *pro se*, filed this action seeking to challenge in federal court a pending criminal prosecution in Queens County Supreme Court, *People v. Brown*, Index No. Cr-026658-21-QN. *See* ECF No. 1. Plaintiff also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *See* ECF No. 2. The Court grants Plaintiff's motion to proceed *in forma pauperis* solely for purposes of this Order and dismisses all of Plaintiff's claims without granting Plaintiff leave to amend. As further explained below, the Court is required to abstain from deciding Plaintiff's claims seeking injunctive relief pursuant to the abstention doctrine articulated by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Plaintiff's claims for damages fail against all of the various Defendants she has named due to a combination of judicial immunity as applied to some Defendants, sovereign immunity under the Eleventh Amendment as applied to other Defendants, and Plaintiff's failure to allege that the remaining Defendants personally participated in the events that have allegedly caused her harm.

## PROCEDURAL HISTORY

    Plaintiff's complaint is nearly impossible to decipher. *See* ECF No. 1. Plaintiff identifies herself as a "Moorish American National[] of the Moroccan Empire," *see id.* at 1, a group which

this Court has previously recognized as a variant of the sovereign citizens movement—*i.e.*, "'a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" *Ali v. Wuchte*, No. 22-cv-1532, 2022 WL 3708844, at *3 n.1 (E.D.N.Y. Aug. 25, 2022) (quoting *United States v. Ulloa*, 511 F. App'x 105, 107 (2d Cir. 2013)). Her complaint is replete with pseudo-legal jargon of the kind typically used by litigants who affiliate themselves with that movement. ECF No. 1.

The gist of Plaintiff's complaint is that she wants the Court to dismiss a criminal proceeding pending against her in Queens County Criminal Court and to award damages of $382,000, in the form of a purported default judgment, "payable in lawful money of .9999 fine silver bullion coins or bars." *Id.* at 9. Plaintiff names as Defendants on the first page of her complaint the State of New York, Governor Kathleen Hochul, Attorney General Letitia James, and Mayor Eric Adams. *Id.* at 1. Later in Plaintiff's complaint, however, she further explains that she wants a default judgment against the following additional people: (i) George Grasso, the former Administrative Judge of the Queens County Criminal Court; (ii) William Reyes, the current Chief Clerk of that court; (iii) Keechant Sewell, the current New York City Police Commissioner; and (iv) Michael Lipetri, a member of the New York City Police Department. *Id.* at 9. Although Plaintiff's complaint does not identify the nature of Lipetri's position, the Court takes notice that he is the department's "Chief of Crime Control Strategies," and not a line-level police officer who would likely have participated in Plaintiff's arrest.[1]

Plaintiff's complaint does not specify a cause of action. She does, however, list various "[f]ederal [q]uestion(s)" based on the U.S. Constitution, various articles and rights contained

---

[1]  *See Crime Control Strategies*, N.Y. CITY POLICE DEP'T, https://www1.nyc.gov/site/nypd/bureaus/investigative/crime-control-strategies.page (last visited Oct. 28, 2022).

therein, the Moroccan Treaty of Peace and Friendship of 1786, and unspecified "Supreme Court Rulings."  ECF No. 1 at 1.  Plaintiff's recitation of these rights arising under federal law, coupled with her naming as defendants various state and city officials, leads the Court to construe her complaint as asserting claims under 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983).  Other courts in this District have interpreted similar unspecified claims by *pro se* plaintiffs as arising under Section 1983.  *See, e.g.*, *Powell v. N.Y. State Dep't of Educ.*, No. 18-cv-7022, 2022 WL 900605, at *5–6 (E.D.N.Y. Mar. 28, 2022) (treating claims invoking various treaties and constitutional provisions as "aris[ing] under Section 1983"); *Bey v. Westbury Union Free Sch. Dist.*, No. 21-cv-2048, 2022 WL 900615, at *7–8 (E.D.N.Y. Mar. 28, 2022) (treating similar claims as "arising under Section 1983").

Plaintiff filed a motion to proceed *in forma pauperis* at the same time that she filed her complaint.  *See* ECF No. 2.  She left almost entirely blank the District's standard application requesting information about an applicant's income, debts, and expenses, *see id.* at 1–2, but she attached a purported affidavit containing more pseudo-legal jargon, *see id.* at 3–6.  Plaintiff asserts that she should not be required to pay the Court's $402 filing fee because, among other reasons:  (i) The Moroccan Treaty of Peace and Friendship of 1786 established that if a vessel from either the United States or Morocco should enter the other country's port, then the vessel is entitled to be resupplied with "provisions or other supplies" "without any interruption or molestation"; (ii) "[t]he Pope can abolish any Law in the United States"; and (iii) the United States "has not had a treasury since 1921" due to the passage of the Independent Treasury Act of

3

1920, which transferred certain responsibilities from the Department of Treasury to the Federal Reserve.  *Id.* at 5 (citing Independent Treasury Act, ch. 214, 41 Stat. 654 (1920)).

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Despite this leniency afforded to *pro se* plaintiffs, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  When conducting this review, courts must be careful "not to conflate [e]asy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022) (internal quotation marks omitted)

4

(alteration in original). The Court therefore may not dismiss a complaint filed by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion. *Id.*

Although the Second Circuit has warned that dismissing claims *sua sponte* without giving the plaintiff an opportunity to be heard "is, at a minimum, bad practice in numerous contexts and is reversible error in others," such dismissals "may be appropriate . . . in cases involving frivolous *in forma pauperis* complaints or frivolous habeas petitions" if "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (internal quotation marks omitted). Those exact circumstances justify the *sua sponte* dismissal here of Plaintiff's complaint for the reasons explained below.

## DISCUSSION

The abstention doctrine established by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to dismiss Plaintiff's request for injunctive relief related to her state court criminal proceeding. In *Younger*, the Supreme Court explained that "although federal courts have the power to enjoin state criminal proceedings 'when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.'" *Johnson v. Horowitz*, No. 22-cv-325, 2022 WL 683755, at *2 (E.D.N.Y. Mar. 7, 2022) (quoting *Younger*, 401 U.S. at 45). If the criteria for *Younger* abstention are satisfied, then "federal courts must

5

decline to exercise jurisdiction." *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019), *aff'd*, 140 S. Ct. 2412 (2020). Dismissing the criminal proceeding against Plaintiff with prejudice "would surely constitute the type of 'federal intrusion into ongoing state criminal proceedings' that *Younger* proscribed." *Johnson*, 2022 WL 683755, at *3 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013)).

Plaintiff's damages claims against many of the Defendants also fail because they are protected by multiple forms of immunity—starting with the judicial immunity that shields the Defendants associated with the Queens County Criminal Court. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). "Judges are therefore subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). The complete absence of jurisdiction requirement means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009). This immunity applies to Chief Clerk Reyes as well because "[a]bsolute judicial immunity extends to non-judicial officers who perform acts that are 'functionally comparable to that of a judge' or 'are integrally related to an ongoing judicial proceeding.'" *Raghubir v. Cogan*, No. 21-cv-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022) (quoting *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004)) (collecting cases dismissing claims against clerk's office personnel in both state and federal courts). Since Plaintiff has not alleged that Judge Grasso or Chief Clerk Reyes wronged her by doing anything other than carrying out their normal functions related to the operation of the

6

Queens County Criminal Court, s*ee* ECF No. 1, Plaintiff's claims for damages against them must be dismissed.

The State of New York and the remaining Defendants affiliated with it—*i.e.*, Governor Hochul and Attorney General James—are immune from Plaintiff's damages claims because of the Eleventh Amendment. "The Eleventh Amendment confirms that states, state entities, and state officials acting in their official capacities have sovereign immunity from suit." *Kelly v. N.Y. State Unified Ct. Sys.*, No. 21-1633-cv, 2022 WL 1210665, at *1 (2d Cir. Apr. 25, 2022). "[T]he State of New York is plainly entitled to sovereign immunity" from Plaintiff's damages claims on this ground. *Bythewood v. New York*, No. 21-cv-4628, 2022 WL 4661568, at *2 (E.D.N.Y. Sept. 30, 2022); *see also Arafa v. New York*, No. 22-cv-4475, 2022 WL 3867650, at *2 (E.D.N.Y. Aug. 30, 2022) (explaining that "Congress did not abrogate New York's Eleventh Amendment immunity by enacting Section 1983").

Eleventh Amendment immunity similarly bars Plaintiff from suing Governor Hochul and Attorney General James in federal court "[t]o the extent that any of Plaintiff's claims for money damages are being brought against any of [them] in their official capacities." *Kelly v. New York*, No. 19-cv-2063, 2020 WL 7042764, at *8 (E.D.N.Y. Nov. 30, 2020). The Court interprets the claims against Governor Hochul and Attorney General James to be based on actions that they took in their official capacities because Plaintiff has made no allegation that they—or any of the individual Defendants—were "personally involved" with her prosecution. *See Joseph v. Cuomo*, No. 20-cv-3957, 2021 WL 200984, at *10 (E.D.N.Y. Jan. 20, 2021) (treating claims against Governor and Attorney General as official capacity claims for same reason and dismissing such claims). The Court therefore dismisses those claims.

Although the Eleventh Amendment does not apply to the claims against the Defendants affiliated with New York City—*i.e.*, Mayor Adams, Commissioner Sewell, and Chief Lipetri—Plaintiff's damages claims against them must be dismissed for failure to state a claim. To bring a claim against any of these high-ranking New York City officials, Plaintiff may not simply rely on their status as officials with supervisory authority, but instead "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks omitted). Plaintiff has not even attempted to meet this standard because her complaint includes no allegation that the City Defendants were personally involved in her criminal prosecution. *See Christian v. Adams*, No. 22-cv-1780, 2022 WL 2237421, at *3 (S.D.N.Y. June 22, 2022) (dismissing claims against New York City Mayor because plaintiff did not "allege facts showing the individual defendant's direct and personal involvement in the alleged constitutional deprivation"); *Herrera v. Shea*, No. 20-cv-3665, 2021 WL 1550488, at *3 (E.D.N.Y. Apr. 20, 2021) (dismissing claims against NYPD Commissioner because plaintiff "fail[ed] to allege any deliberate, intentional acts on [his] part").

Given the many defects in Plaintiff's complaint, the Court denies leave to amend, as other courts within the Second Circuit have done in similar circumstances, because any such amendment would be futile. *See Johnson*, 2022 WL 683755, at *3 (denying leave to amend where court abstained based on *Younger* from intervening in state criminal proceeding); *Kelly*, 2020 WL 7042764, at *11 (denying leave to amend where court dismissed claims against some defendants based on the Eleventh Amendment and judicial immunity); *Donzo v. City of New York*, No. 21-cv-629, 2021 WL 5507027, at *2, *5 (S.D.N.Y. Nov. 23, 2021) (granting leave to amend only with respect to a single police officer but denying leave to amend with respect to

current and former police commissioner because the existing complaint contained "no allegation of [their] personal involvement").

## CONCLUSION

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis*, *see* ECF No. 2, solely for the purpose of this Order and dismisses Plaintiff's complaint without leave to amend for the reasons explained above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, to close this case, and to mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

          */s/ Hector Gonzalez*
          HECTOR GONZALEZ
          United States District Judge

Dated: Brooklyn, New York
       October 28, 2022